UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CARLOS ANTONIO GUZMAN TORRES and JOSE SANTOS GUZMAN TORRES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANGANARO MIDATLANTIC, LLC, and MANGANARO BUILDING GROUP, LLC,<br><br>Defendants. | Case No. 3:24-cv-343 |

## COMPLAINT

Plaintiffs Carlos Antonio Guzman Torres and Jose Santos Guzman Torres, individually and on behalf of all others similarly situated, respectfully move for judgment against Manganaro Midatlantic, LLC and Manganaro Building Group, LLC (individually or collectively "Defendants") as follows:

## I.    SUMMARY OF ACTION

1.    This is an action for unpaid overtime and employment benefits in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), and the Virginia Misclassification Law, Va. Code § 40.1-28.7:7 ("VML"), and for unpaid wages in violation of the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA") and related claims.

2.    Wage theft and worker misclassification are pervasive issues in the Commonwealth of Virginia, so much so that the General Assembly recently adopted or amended statutes, such as VOWA, VWPA and VML, designed to compensate its victims and incentivize

1

employers' compliance with the law. Worker misclassification is a form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers are denying their employees from receiving lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation.

3.     According to a Joint Legislative Audit and Review Commission (JLARC) report on worker misclassification, "an employer can reduce payroll costs by an estimated 26 percent by classifying a construction worker … as an independent contractor rather than an employee." JLARC, *Review of Employee Misclassification in Virginia*, 14 (June 2012). The report further identifies that by "misclassifying, employers gain a substantial unfair competitive advantage over employers who comply with tax and labor laws" and in turn this problem has become endemic in the trade to reduce employers' payroll and increase profits. *Id.* at 15.

4.     A common form of misclassification and wage theft in the construction industry is by construction companies who hire workers through labor brokers. Generally, labor brokers are to the construction industry what "temp agencies" are to white collar businesses, where such brokers recruit and supply workers for a company which in turn supervises and directs the work of such laborers. Construction companies and their labor brokers fail to follow federal and state wage/hour and misclassification laws. Labor brokers often pay their laborers in cash or check, without any federal or state tax withholdings, and typically pay only "straight time" for overtime. Defendants here have engaged in such conduct, the effect of which is to deny laborers on their construction sites their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

5.      Plaintiffs brings this action as a "hybrid" class and collective action for unpaid overtime and misclassification under both federal and state law. Plaintiffs bring the collective action under 29 U.S.C. 216(b), Va. Code §§ 40.1-29(J) and 40.1-29.2, and the class action under Federal Rule of Civil Procedure 23 for the VOWA and VML claims.

6.      Defendants are related construction subcontractors that market themselves as specializing in drywall and similar construction work. Plaintiffs and similarly situated employees are laborers who perform this work for the benefit of Defendants.

7.      Plaintiffs contend that Defendants have violated and continue to violate the FLSA and VOWA by having a policy or practice of failing to pay overtime compensation to Plaintiffs and similarly situated employees for work in excess of 40 hours per week.

8.      Plaintiffs further contend that Defendants have violated and continue to violate the VML by having a policy or practice of misclassifying Plaintiffs and similarly situated laborers as non-employees.

9.      Defendants effect these policies and practice by paying Plaintiffs and similarly situated employees through labor brokers, who in turn pay these employees only straight time without any overtime premiums when they work in excess of 40 hours per week, and do not provide these employees with employment benefits.

10.      Defendants' policies and/or practices comprising the alleged violations are ongoing.

11.      The **FLSA Collective** is made up of all past and present laborers of Defendants Manganaro Midatlantic, LLC or Manganaro Building Group, LLC who, at any time from the date three years prior to the filing of this action through the present and ongoing (the "Relevant

Period"), were hired through labor brokers to provide framing, drywall, ceiling, or similar construction labor for the benefit of Defendants.

12.     Plaintiffs, on behalf of themselves and all similarly situated employees, seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

13.     The **Virginia Class** is made up of all members of the FLSA Collective who worked for Defendants in Virginia at any time during the Relevant Period.

14.     Plaintiffs, on behalf of themselves and all similarly situated employees, seek unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, employment benefits, and all relief allowed by law arising out of the Defendants' VOWA and VML violations.

15.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in their motions for collective action and/or class action certification, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

16.     This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiffs may bring this action in any appropriate United States District Court.

17.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

18.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(C) since acts and omissions giving rise to this lawsuit have taken place in this division in the

Eastern District of Virginia. Specifically, Plaintiffs worked for Defendants in this division.

19.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

**III.    PARTIES**

20.     Plaintiff Carlos Antonio Guzman Torres is a resident of Virginia who worked for Defendants as a laborer from approximately July 2022 through at least December 2023. At all times relevant, this Plaintiff was an "employee" as defined in the FLSA and state law.

21.     Plaintiff Jose Santos Guzman Torres is a resident of Virginia who worked for Defendants as a laborer during approximately 2023, including February and March 2023. At all times relevant, this Plaintiff was an "employee" as defined in the FLSA and state law.

22.     Defendant Manganaro Midatlantic, LLC is a Maryland limited liability company that has its principal office at 6405-D Ammendale Rd., Beltsville, MD, 20705, (according to filings with the Virginia State Corporation Commission, its principal office is 6405-D Ammemdale Rd., Baltimore, MD, 20705 - 0000, USA. Manganaro Midatlantic, LLC has an office in Glen Allen, Virginia and holds itself out as having a "Richmond, VA Management Team". Source: https://www.manganaro.com/locations/manganaro-midatlantic (last visited 04/24/2024). At all times relevant, this Defendant is and was an "employer" of Plaintiffs and all similarly situated individuals as defined by the FLSA and state law.

23.     Defendant Manganaro Building Group, LLC is a Massachusetts limited liability company that (according to filings with the Massachusetts Secretary of State) has its principal office at 52 Cummings Park Woburn, MA 01801 USA. At all times relevant, this Defendant is and was an "employer" of Plaintiffs and all similarly situated individuals as defined by the FLSA and state law.

24.     Upon information and belief, Defendant Manganaro Building Group LLC is the successor in interest to Manganaro North America LLC, which was an "employer" of Plaintiffs and all similarly situated individuals as defined by the FLSA and state law until this Defendant's formation in approximately September 2021 and/or the cancellation of Manganaro North America LLC in approximately February 2022. As successor in interest, this Defendant is liable for the liabilities of Manganaro North America LLC and other predecessors.

25.     Each Defendant's gross annual sales made, or business done, is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Each Defendant's employees, including Plaintiffs and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

## IV.    FACTUAL ALLEGATIONS

26.     Defendants are related construction subcontractors that market themselves as specializing in drywall and similar construction work. *See* https://www.manganaro.com/services.

27.     Upon information and belief, Defendant Manganaro Building Group, LLC operates using regional subsidiaries or affiliates, including (in Virginia and other Midatlantic states) Defendant Manganaro Midatlantic, LLC.

28.     Plaintiffs and similarly situated employees were hired to work as a laborers for Defendants on various construction jobs throughout eastern, central, and western Virginia, including Longwood University, Truist Bank, the University of Virginia, a hotel in Richmond, other buildings in Richmond, and other high-visibility construction projects.

29.     Defendants contract with general contractors on specific construction projects, including those named above.

30.     Defendants generally provide framing, drywall, and ceiling work for the general contractors on construction projects.

31.     Defendants contracted with one or more labor brokers to provide laborers to perform the labor associated with the framing, drywall, and ceiling work for which Defendant was paid by the general contractors. Plaintiffs and others similarly situated were laborers who performed such work for the benefit of Defendants.

32.     On each jobsite that Plaintiffs worked for Defendant, Plaintiffs received job instructions and supervision from one of Defendants' construction foremen.

33.     On all such jobsites for which Defendants were a subcontractor, Defendants provided a construction foreman on the jobsite at all times.

34.     No Plaintiff or similarly situated laborer performed any work for Defendants without Defendants' providing a construction foreman on the jobsite to provide management and supervision of Plaintiffs' work and the work of similarly situated laborers.

35.     On Defendants' jobsites, Defendants exercised the following control over Plaintiffs and similarly situated laborers:

        a.     the authority to retain and fire and, through the labor brokers, to hire;

        b.     the authority to set schedules for Plaintiffs and similarly situated laborers;

        c.     the authority to require Plaintiffs and other laborers to work late on weekdays and/on weekends;

        d.     Defendants' foremen managed and supervised the work of Plaintiffs and

other similarly situated laborers;

e.    Defendants had long-standing relationships with one or more labor broker such that Defendants regularly and extensively used laborers including Plaintiffs on their construction sites from the same labor brokers for years at a time;

f.    Defendants had substantial control over the premises at which Plaintiffs and similarly situated laborers worked;

g.    Defendants required Plaintiffs and other similarly situated laborers to sign-in, or were signed-in by an agent or foreman of Defendants on each day that they worked on the construction site;

h.    Defendants determined the nature, location, work hours, and extent of the construction work that Plaintiffs and other laborers were to perform each day.

36.    Plaintiffs and similarly situated laborers arrived at work with modest hand tools, as is common in the construction industry.

37.    Defendants provided all heavy tools necessary for Plaintiffs and other laborers to do the construction work required, including ladders, scaffolding, lasers, "TrakFast" fastening tools, sledgehammers, sanding machines, and the like.

38.    Throughout their employment with Defendants, Plaintiffs worked from approximately 7:00 a.m. to 4:30 p.m. or later Monday through Friday, plus Saturdays and/or Sundays when directed to by Defendants. Other laborers worked similar hours through their employment with Defendants, totaling more than 40 hours per week.

39.    Despite working more than 40 hours per week, Plaintiffs and their fellow laborers did not get paid overtime at a time and a half rate for hours worked over 40.

40.    Instead, Plaintiffs and their fellow laborers were paid only straight time for all hours worked including when they worked more than 40 hours in a week.

41.    Upon information and belief, Defendants hire laborers through labor brokers with the intent to lower labor costs by denying such laborers basic rights including overtime wages and benefits guaranteed by federal and state law.

42.    Defendants knew Plaintiffs and similarly situated laborers worked overtime hours without getting paid an overtime premium.

43.    Plaintiffs were not employed in any bona fide executive, administrative, or professional capacity. Their fellow laborers were not employed in any bona fide executive, administrative, or professional capacity.

44.    Plaintiffs and their fellow laborers performed blue collar, manual work.

45.    Based on the nature of the job duties of Plaintiffs and their fellow laborers, there is no FLSA or state law exemption that applies to preclude them from being paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

46.    Additionally, Plaintiff Carlos Antonio Guzman was not paid at all for approximately nine of the weeks that he worked for Defendants. Plaintiff Jose Santos Guzman was not paid at all for approximately two of the weeks that he worked for Defendants.

47.    Defendants willfully violated the FLSA and state law by knowingly failing to pay minimum wages and/or overtime.

48.    At all relevant times Defendants intended to deprive Plaintiffs and similarly situated laborers of the minimum wages and/or overtime pay to which they were entitled, or acted with reckless disregard for the rights of Plaintiffs and similarly situated laborers.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as representative plaintiffs on behalf of themselves and the FLSA Collective.

50.    Plaintiffs are aware of other laborers who are similarly situated.

51.    Plaintiffs estimate that there may be more than 50 similarly situated laborers who fit the above definition who were deprived of overtime pay who were hired by Defendants through a single labor broker.

52.    Plaintiffs believe that numerous labor brokers have been used by Defendants within the past three years as part of a common plan or scheme to avoid paying overtime wages on construction projects.

53.    Upon information and belief, these laborers were paid under a similar pay scheme which deprived them of overtime pay.

54.    These laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

55.    Upon information and belief, Defendants compensated, and continue to compensate, those similarly situated to Plaintiffs on a uniform compensation basis.

56.    Defendants' policy of using labor brokers to avoid paying overtime amounted to a willful or reckless disregard of their employees' rights under the FLSA and state law.

57.    Defendants had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA and state law.

58.     Plaintiffs assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

59.     Plaintiffs' job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

60.     At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

61.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and state law who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.

62.     Plaintiffs hereby file their written consent to join a collective action under federal and state laws. Plaintiffs' written consent forms are attached as **Exhibit 1**.

**VI.     VIRGINIA CLASS ACTION ALLEGATIONS**

63.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.

64.     Numerosity:    Upon information and belief, the Virginia Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that during the relevant time period, Defendants employed more than (and likely far more than) 50 laborers who satisfy the definition of the proposed Virginia Class.

65.     Typicality:    Plaintiffs' claims are typical of the Virginia Class. The claims are

based on Defendants' corporate policy and practice of using labor brokers to avoid paying benefits and overtime compensation to Plaintiffs and similarly situated laborers. As a result, Plaintiffs and members of the Virginia Class were paid only straight time when they work more than 40 hours in a week for Defendants. This is a centralized pay policy and practice, and applicable to all locations where the Virginia Class worked.

66.    <u>Superiority</u>:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

67.    <u>Adequacy</u>:    Plaintiffs will fairly and adequately protect the interests of the Virginia Class and have retained counsel experienced in complex wage and hour class and collective action litigation.

68.    <u>Commonality</u>: Common questions of law and fact exist to all members of the Virginia Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.    Whether Defendants' policy and practice of using labor brokers to pay the Virginia Class straight time in lieu of overtime violates the VOWA.

b.    Whether Defendants are/were an "employer" of Plaintiffs and the Virginia Class within the meaning of VOWA.

c.    Whether Defendants' misclassified Plaintiffs and the Virginia Class within the meaning of the VML.

d.    The proper measure of damages sustained by Plaintiffs and the Virginia

Class.

e.    Whether Defendants' allegedly violative policy and practice was willful and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K).

69.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Virginia Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

70.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Virginia Class predominate over any questions only affecting individual members of the Virginia Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Virginia Class the overtime wages and benefits of employment to which they are entitled under Virginia law. The damages suffered by the individual Virginia Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

71.    Plaintiffs intend to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Rule 23 Class should be available from Defendants.

72.     Plaintiffs reserve the right to propose amended class definitions and/or sub-classes in their motions for collective action and class action certification.

73.     Defendants employ, and have employed, multiple persons who fit the Virginia Class definition who due to Defendants' policies and practices described herein were deprived of overtime pay when they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

74.     Defendants' policy of misclassifying laborers as non-employees and not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under state law.

75.     Defendants had no good faith basis to believe that not paying these employees overtime wages was somehow allowable under state law.

76.     Defendants' policy of not paying the required overtime compensation amount to a knowing failure to pay wages as required by the VOWA.

**VII.    CLAIMS AND RELIEF**

**COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Overtime Violations, 29 U.S.C. § 207)**
**(On Behalf of Plaintiffs and FLSA Collective)**

77.     Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

78.     At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiffs and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

14

79.     The FLSA requires covered employers to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek. 29 U.S.C. § 207. As such, Plaintiffs and the FLSA Collective are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

80.     By failing to pay overtime compensation to Plaintiffs and the FLSA Collective when they work more than 40 hours in a workweek, Defendants have violated, and continue to violate the FLSA.

81.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiffs seek damages for themselves and all others similarly situated in the amount of Plaintiffs' and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
#### (Overtime Violations, Va. Code § 40.1-29.2)
#### (On Behalf of Plaintiffs and Virginia Class)

83.     Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

84.     Plaintiffs bring this VOWA count as a class action under Federal Rule of Civil Procedure 23, on behalf of themselves and the Virginia Class.

85.     At all times relevant, each Defendant has been, and continues to be, an

"employer," and Plaintiffs and each similarly situated laborer, has been, or continues to be, an "employee" within the meaning of the VOWA.

86.     At all times relevant, the VOWA has required employers, including Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

87.     The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." VA Code § 40.1-29.2(B) (2021).

88.     Since the 2022 amendments to VOWA, the VOWA has also mirrored requirements of the FLSA on this issue: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29.…" Va. Code § 40.1-29.2.

89.     By failing to pay overtime compensation to Plaintiffs and the Virginia Class when they work more than forty hours in a workweek, Defendant has violated, and continues to violate VOWA.

90.     Defendants' pay policies and practices and conduct described herein constitute each Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-

29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021). [1]

91.      Plaintiffs seek damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J) (2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 3: VIOLATIONS OF VIRGINIA MISCLASSIFICATION LAW
### (Va. Code § 40.1-28.7:7)
### (On Behalf of Plaintiffs and Virginia Class)

92.      Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

93.      Plaintiffs bring this VML count as a class action under Federal Rule of Civil Procedure 23, on behalf of themselves and the Virginia Class.

94.      The Virginia Misclassification Law ("VML"), Va. Code § 40.1-28.7:7, provides that "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification."

95.      At all times relevant, each Defendant has been, and continues to be, an

---

[1] From July 1, 2021 to June 30, 2022, VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiffs seek triple damages only for the period the 2021 VOWA was in effect.

"employer," and Plaintiffs and each similarly situated laborer, has been, or continues to be, an "employee" within the meaning of the VML.

96.    The VML, VA Code § 40.1-28.7:7 further provides that "[i]f the court finds that the employer has not properly classified the individual as an employee, the court may award the individual damages in the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action."

97.    Defendants improperly classified Plaintiffs and similarly situated individuals as non-employees rather than employees, resulting in damages to Plaintiffs and similarly situated employees and a denial to Plaintiffs and similarly situated individuals of wages, salaries, and other employment benefits including insurance coverage and insurance benefits (including unemployment insurance benefits), employer-side payroll taxes, and other benefits which they would have been entitled to receive if they had been properly classified as employees. Defendants had knowledge of the misclassification. Plaintiffs for themselves and similarly situated employees seek all relief allowed by law for Defendants' violation of the VML.

**COUNT 4: VIOLATIONS OF VIRGINIA WAGE PAYMENT ACT**
**(Va. Code § 40.1-29)**
**(On Behalf of Plaintiffs Individually)**

98.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

99.    Plaintiffs bring this VWPA count individually.

100.    At all times relevant to this action, Plaintiffs were employed by Defendants within

the meaning of the VPWA.

101.    The VWPA provides, inter alia, that an employer must pay wages due on regular pay periods and "Upon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated." Va. Code § 40.1-29(A).

102.    The VWPA further provides, inter alia, that "No employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee." Va. Code § 40.1-29(C).

103.    Defendants failed to pay Plaintiffs as required by the VWPA for one or more pay periods. In so failing, Defendants committed an unlawful deduction from wages, in violation of the VWPA, Va. Code § 40.1-29(C).

104.    Specifically, Plaintiff Carlos Antonio Guzman was not paid at all for approximately nine of the weeks that he worked for Defendants, and Plaintiff Jose Santos Guzman was not paid at all for approximately two of the weeks that he worked for Defendants.

105.    By not paying Plaintiffs on the required pay periods and, upon the termination of Plaintiffs' employments, by not paying them on or before the dates on which Plaintiffs would have been paid for such work had their employment not been terminated, Defendants violated Va. Code § 40.1-29(A).

106.    By failing to pay Plaintiffs their regular wages as described herein Defendants committed an unlawful failure to pay wages and deduction from wages in violation of the

VWPA, Va. Code § 40.1-29(A) and (C).

107.    In violating the VWPA as described herein and not paying Plaintiffs as required, Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA]" within the meaning of Va. Code § 40.1-29(J)&(K) as to Plaintiffs.

108.    Plaintiffs seek damages for themselves in the amount of unpaid and withheld wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29(J), all other relief available under the VWPA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 5: VIOLATIONS OF FAIR LABOR STANDARDS ACT
#### (Minimum Wage Violations, 29 U.S.C. § 206)
#### (On Behalf of Plaintiffs Individually)

109.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

110.    Plaintiffs bring this FLSA minimum wage count individually.

111.    At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiffs have been, and/or continue to be, each an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

112.    The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a minimum wage rate of not less than $7.25 per hour. 29 U.S.C. § 206. As such, Plaintiffs are entitled to a minimum wage of $7.25 per hour for all work performed.

113.    Plaintiff Carlos Antonio Guzman was not paid at all for approximately nine of the

weeks that he worked for Defendants, and Plaintiff Jose Santos Guzman was not paid at all for approximately two of the weeks that he worked for Defendants.

114.   By failing to compensate Plaintiffs with at least minimum wages for all time worked, Defendants have violated the FLSA.

115.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

116.   Defendants had no good faith basis to believe that not paying Plaintiffs at least minimum wages was allowable under the FLSA.

117.   Plaintiffs seek damages individually in the amount of unpaid minimum wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 6: VIOLATIONS OF VIRGINIA MINIMUM WAGE ACT
### (Minimum Wage Violations, Va. Code § 40.1-28.8, et seq.)
### (On Behalf of Plaintiffs Individually)

118.   Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

119.   Plaintiffs bring this Virginia Minimum Wage Act ("VMWA") count individually.

120.   At all times relevant, each Defendant has been, and continues to be, an "employer," and Plaintiffs have been, and/or continue to be, each an "employee" within the meaning of the VMWA, Va. Code § 40.1-28.9.

121.   The VMWA requires, "A. 1. Prior to May 1, 2021, every employer shall pay to each of its employees wages at a rate not less than the federal minimum wage." The VMWA

further provides, "B. From May 1, 2021, until January 1, 2022, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $9.50 per hour or (ii) the federal minimum wage. C. From January 1, 2022, until January 1, 2023, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $11.00 per hour or (ii) the federal minimum wage. D. From January 1, 2023, until January 1, 2025, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $12.00 per hour or (ii) the federal minimum wage." Va. Code § 40.1-28.10.

122.    As such, Plaintiffs are entitled to minimum wages as required by the VMWA.

123.    Plaintiff Carlos Antonio Guzman was not paid at all for approximately nine of the weeks that he worked for Defendants, and Plaintiff Jose Santos Guzman was not paid at all for approximately two of the weeks that he worked for Defendants.

124.    By failing to pay the required minimum wages to Plaintiffs, Defendants violated the VMWA.

125.    The VMWA provides, "Any employer who violates the minimum wage requirements of this law shall be liable to the employee or employees affected in the amount of the unpaid minimum wages, plus interest at eight per centum per annum upon such unpaid wages as may be due the plaintiff, said interest to be awarded from the date or dates said wages were due the employee or employees. The court may, in addition to any judgment awarded to the employee or employees, require defendant to pay reasonable attorney's fees incurred by the employee or employees." Va. Code § 40.1-28.12.

126.    Plaintiffs seek damages individually in the amount of the unpaid minimum wages, plus interest at eight per centum per annum upon such unpaid wages, said interest to be awarded

from the date or dates said wages were due the employee or employees, as well as reasonable attorney's fees and costs, all other relief available under the VMWA, and all other such legal and equitable relief as the Court deems just and proper.

### FLSA Collective Relief Requested

Wherefore, Plaintiffs on behalf of themselves and all members of the FLSA Collective requests the following Relief against Defendants:

A.    An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.    Judgment that Plaintiffs and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.    Judgment against Defendants for violations of the overtime wage provisions of the FLSA;

D.    Judgment that Defendants' violations as described above were willful;

E.    Money damages for all unpaid overtime wages;

F.    Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiffs and similarly situated employees;

G.    Pre-judgment and post-judgment interest;

H.    Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.    Leave to amend to bring additional claims and/or parties, including but not

limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

    J.    Any and all further relief permissible by law.

### Virginia Class Relief Requested

Wherefore, Plaintiffs on behalf of themselves and all members of the Virginia Class requests the following Relief against Defendants:

    A.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    B.    Designation of Plaintiffs as representatives of the Virginia Class and counsel of record as class counsel;

    C.    Unpaid overtime wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

    D.    Judgment that Plaintiffs and all similarly situated employees were non-exempt employees entitled to protection under the VOWA and VML;

    E.    Judgment against Defendants for violations of the overtime wage requirements of the VOWA and for violation of the VML;

    F.    Judgment that Defendants' violations as described above were willful;

    G.    Judgment that Defendants "knowingly failed to pay wages to an employee in accordance with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiffs and all similarly situated employees.

    H.    Money damages for all unpaid overtime wages;

    I.    Liquidated damages in an amount equal to all unpaid wages owed to Plaintiffs

and similarly situated employees, and/or triple damages to the full extent allowed by law;

J.    An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J) (2021);

K.    Pre-judgment and post-judgment interest;

L.    Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

M.    All relief allowed by the VML including "damages in the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action." Va. Code §40.1-28.7:7(A).

N.    Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA or other applicable law;

O.    Any and all further relief permissible by law.

### Individual Relief Requested

Wherefore, Plaintiffs request the following individual Relief against Defendants:

A.    Unpaid minimum wages, other due wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to the VWPA, VMWA, Virginia law and the FLSA;

B.    Judgment that Plaintiffs were non-exempt employees entitled to protection under the VWPA, VMWA, and FLSA;

C.      Judgment against Defendants for violations of the wage payment provisions of the VWPA;

D.      Judgment that Defendants' violations as described above were willful;

E.      Judgment that Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA]" within the meaning of VA Code § 40.1-29(J)&(K) as to Plaintiffs;

F.      Money damages for all unpaid wages;

G.      Liquidated damages in an amount equal to all unpaid wages owed to Plaintiffs, and/or triple damages to the full extent allowed by law;

H.      An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J);

I.      Judgment against Defendants for violations of the minimum wage provisions of the FLSA and VMWA;

J.      Money damages for all unpaid minimum wages;

K.      Liquidated damages in an amount equal to all unpaid minimum wages owed to Plaintiffs;

L.      Judgment that Defendants' violations as described above were willful;

M.      Pre-judgment and post-judgment interest;

N.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

O.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages or claims

under other applicable law; and

      P.     Any and all further relief permissible by law.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all

claims and issues so triable.

Respectfully submitted,

CARLOS ANTONIO GUZMAN TORRES and
JOSE SANTOS GUZMAN TORRES,
individually and on behalf of all others similarly situated,
By Counsel

/s/  *Zev Antell*
Craig Juraj Curwood (VSB No. 43975)
Zev Antell (VSB No. 74634)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804.648.4848
Fax: 804-237-0413
Email:  zev@butlercurwood.com
       craig@butlercurwood.com

/s/*Timothy Coffield*
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

***Counsel for Plaintiffs***