IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARLOS ANTONIA GUZMAN TORRES, )
*et al., on behalf of themselves and all others* )
*similarly situated*, )
             Plaintiffs, )
         )
       v. )            Civil Action No. 3:24CV343 (RCY)
         )
MANGANARO MIDATLANTIC, LLC, )
             Defendant. )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on the parties' Joint Motion Regarding Discovery Dispute ("Joint Motion," ECF No. 18), filed pursuant to paragraph seven of the Court's Rule 16(b) Scheduling Order, ECF No. 14.   The parties ask for a hearing to address the dispute.   However, the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.   E.D. Va. Loc. Civ. R. 7(J).

**I. BACKGROUND**

Plaintiffs, a putative class of physical laborers, filed the instant class action complaint for unpaid overtime and employment benefits on May 15, 2024.   ECF No. 1.   In relevant part, Plaintiffs allege violations of the Virginia Misclassification Law ("VML"), Va. Code Ann. § 40.1-28.7:7. Specifically, Plaintiffs allege that Defendant misclassified Plaintiffs as non-employees and thereby deprived them of employment benefits.   Accordingly, Plaintiffs demand recompense pursuant to the VML, which provides for "damages in the amount of any wages, salary, employment benefits, . . . or other compensation lost to the individual."   *Id.*

The parties dispute the permissible scope and relevance of Plaintiffs' Interrogatory 18, which asks Defendant to:

> Identify any and all fringe benefits, including but not limited to benefits plans, available to employees of Defendant, including the Plan Documents, Plan Administrators, and all third-party administrators of each.  Include a description of each fringe benefit offered to any class of employees, and whether certain employees or classes of employees (e.g. full-time, part-time, executive, etc.) are provided with or excluded from certain fringe benefits.  Fringe benefits includes but is not limited to insurance coverage . . . retirement benefits, paid time off (PTO), holiday pay, sick leave (long term or other).

Joint Motion 4.  Defendant objected to the request, asserting that it was overly broad and irrelevant.[1]  Instead, Defendant offered to "provide Plaintiffs with a response to the request that included generally describing what benefits MMA offers to its acknowledged employees that perform construction labor similar to those that would be encompassed by the putative, Virginia class."  Joint Motion 5.  Plaintiffs rejected the offer and maintained their request for documents describing all fringe employment benefits that Defendant offers to any of its employees.  Joint Motion 5, 7.  After attempts at informal resolution, the parties could not resolve the dispute.  Accordingly, the parties filed the instant Joint Motion.

## II. LEGAL STANDARD

A party is entitled "to discover any material that is relevant to any party's claim or defense, is nonprivileged, and is proportional to the needs of the case." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108060, at *2 (E.D. Va. July 3, 2019) (citing Fed. R. Civ. P. 26(b)(1)).  "The Federal Rules contemplate the broadest discovery possible in the search of the truth."  *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018).

---

[1] Defendant also argues that it is an improper defendant in this action.  *See* Joint Motion 7–10.  Because this argument cuts to the merits of Plaintiffs' complaint, the Court does not reach it here.

"Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Wrangen v. Penn. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008), *accord Oppenheimer Fund v. Sanders*, 437 U.S. 340, 350–51 (1978) ("[The rule] has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). However, even when relevant, a Court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. ANALYSIS

While broad, the Court is convinced that Plaintiffs' Interrogatory 18 is necessary and relevant to Plaintiffs' case. As described above, Plaintiffs' complaint demands damages pursuant to the VML, which provides for "damages in the amount of any . . . [lost] employment benefits." Va. Code Ann. § 40.1-28.7:7(A). Of course, for Plaintiffs to valuate their lost benefits, they must discover the nature of the benefits they might have received. Plaintiffs' request asks only for information necessary to valuate their purported losses—in fact, it appears to the Court that the request is the most efficient manner by which Plaintiffs may assess damages under the VML. Accordingly, Plaintiffs' Interrogatory 18 has more than a "possible bearing on the claims and defenses of the parties," and is relevant within the meaning of Rule 26. *Wrangen*, 593 F. Supp. 2d at 1277.

Defendant argues that, had Plaintiffs been classified as employees, they would have been compensated as "front-line . . . commercial construction labor[ers]"; thus, at most, Plaintiffs are only entitled to discover the benefits Defendant offers to that category of laborers. Joint Motion 5, 10–11. This argument, however, rests on the unproven assertion that Plaintiffs, if treated as

employees, would be so categorized.  While the Court understands Defendant's logic, such a factual determination is for the jury to decide.  Accordingly, all possible benefit schemes are relevant to the Plaintiffs' preparation for trial.

Because the sought-after material is relevant, Defendant must comply with Plaintiffs' request unless "the burden or expense [compliance poses] outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Defendant makes no such argument.  In fact, it appears to the Court that Defendant is in direct control of the relevant information and could produce it without undue expense.  Given Plaintiffs' need to valuate damages, the scope of Plaintiff's Interrogatory 18 is clearly proportionate to its usefulness.

## IV. CONCLUSION

Because Plaintiff's Interrogatory 18 is relevant and proportional, Defendants are obligated to respond to it.  An appropriate order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Date: January 2, 2025
Richmond, Virginia

4